*In re Appeal of* R. N. RICHARDSON *from the George Sipe Survey, etc.*

No. 14,628.    (87 Pac. 678.) .

SYLLABUS BY THE COURT.

SURVEYS AND BOUNDARIES—*Rules for Locating City Plats.* The primary rules for locating city plats upon the ground are, in order of precedence in application, as follow: (1) Find the lines actually run and the corners and monuments actually established by the original survey. (2) Run lines from known, established or acknowledged corners and monuments of the original survey. (3) Run lines according to courses and distances marked on the plat.

Error from Wilson district court; LEANDER STILL-WELL, judge. Opinion filed November 10, 1906. Reversed.

*P. C. Young,* for plaintiff in error.

*Kennedy & Kennedy,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The city of Altoona was surveyed and platted in the year 1870. Original corners were marked by walnut pins driven in the ground. The city hall and other improvements upon the townsite were afterward located in conformity with the ground marks of the original survey, and other original corners are definitely known and provable. After 1870 a public highway known as the Reed road was laid out along the north side of the townsite. Block 3 is in the north tier of blocks. A survey was made to establish the line between lots 2 and 3 in this block, which upon appeal was set aside, and an order for a new survey was made in the following terms:

"It is ordered, adjudged and decreed that this matter be referred back to the county surveyor to make a new survey and report the same to this court on or before the next regular term thereof.

"In making said survey, the surveyor will locate the

north line of block 3, city of Altoona, as originally laid out and platted, regardless of the Reed road. Should there be a shortage or excess in the area of said block, as compared with the original measurement thereof on the town plat, he will distribute the same proportionately among the different lots of said block."

When the new survey was undertaken the center line of Walnut street, lying in the neighborhood of a half mile south of the northern limit of the city, was accepted by the parties as a base-line. The surveyor added the figures shown on the original plat of the townsite indicating the length of blocks and width of the streets and chained north the distance so computed for the north line of block 3. By measuring from the center line of the street south of block 3 a deficiency was discovered, which, being apportioned, required the establishment of the line in question south of a gaswell claimed by the appellant as being on his lot. Exceptions to the surveyor's report were duly made, and after a hearing the survey was confirmed.

Practically all the evidence offered at the trial indicates that the survey was wrong; that the townsite as actually laid out on the ground is larger than the figures on the plat indicate; that an excess exists in the portion lying north of Walnut street; and that the line between lots 2 and 3 in block 3 should lie north of where the surveyor fixed it. But, aside from the matter of the weight of the evidence concerning the correctness of the survey, not only the evidence but the report of the survey itself shows the surveyor ignored the cardinal rules for his work in not regarding original monuments and known corners and making his survey conform to them instead of the figures on paper. The primary rules for locating city plats upon the ground or lots of a platted city are the same as those for locating deeds upon the ground. They are, in order of precedence in application, as follow: (1) Find the lines actually run and the corners and monuments actually established by the original survey. (2) Run lines

*In re* Richardson.

from known, established or acknowledged corners and monuments of the original survey.    (3) Run lines according to courses and distances marked on the plat. (*Avery's Lessee v. Baum's Heirs,* Wright [Ohio], 576; Tyler's Law of Boundaries, Fences and Window Lights, 282; 1 Greenl. Ev., 15th ed., § 301, note 9.)

In this case the surveyor accepted testimony establishing the original northwest corner of block 45, but instead of taking measures from that point he accepted the statement of a witness that it is a certain distance from the center of Walnut street.   Had he used his instruments he might have found an excess in the first block on his way north, as he did in a careful survey made for the city two years before to establish street intersections.   The surveyor took testimony relating to the distance between the section-line north of Altoona and the north line of the townsite which he rejected as indefinite, but this very testimony disclosed the existence of known monuments and corners which he did not utilize.   The north line of block 3 having been fixed according to the methods indicated, the surveyor reported that it coincided so nearly with the remains of an old fence that "it might be reasonably inferred that said fence was set on the north line of said block 3 at a time when the corners of said block were yet in place." He did not, however, draw the inference, probably because it would have contradicted his own previous survey.   Evidence introduced at the trial tends to show this fence was set south of the line. But whether or not this be the fact, original monuments and known corners cannot be ignored in making a survey and data of this character then be brought forward as proof of its accuracy.

The survey of 1902, being *ex parte,* does not bind the appellee.

Evidence was introduced tending to show that appellant had no standing in the district court because he had disposed of the lot which he claimed, and it is argued the judgment should be upheld on the theory

the court found in favor of such contention. The judgment rendered, however, purports to bind the appellant, and in other respects is inconsistent with such a view. The amount in controversy is shown by affidavits to be within the jurisdiction of this court.

The judgment of the district court is reversed, and the cause remanded.

All the Justices concurring.