Bailey v. Hipple.

---

No. 19,494.

J. N. BAILEY, *Appellee,* v. F. E. HIPPLE, *Appellant,* and
THE CITY OF HUTCHINSON, *Appellee.*

SYLLABUS BY THE COURT.

BOUNDARIES—*Rules for Locating Boundaries of City Lots.* Under the rule applied in *In re Richardson,* 74 Kan. 557, 87 Pac. 678, relating to the location upon the ground of lots, blocks, streets and alleys of a platted city, it is held that the evidence in the instant case is insufficient to sustain the judgment which was rendered fixing certain boundaries.

Appeal from Reno district court; W. G. FAIRCHILD, judge *pro tem.* Opinion filed May 8, 1915. Reversed.

*A. C. Malloy,* and *C. M. Williams,* both of Hutchinson, for the appellant.

*Frank L. Martin,* and *Van M. Martin,* both of Hutchinson, for appellee J. N. Bailey.

The opinion of the court was delivered by

JOHNSTON, C. J.: The boundaries of a part of lot eight in block seven of D. B. Miller's addition to the city of Hutchinson, as well as the location and limits of an alley, are the questions involved in this proceeding.

The addition was platted in 1884, and as laid out lot number eight was two hundred and forty-four feet wide and one hundred and sixty-five feet long. Plaintiff alleged that the east one hundred feet of the lot was purchased by Ploma E. Rhoads and her husband in 1888 when they built the residence now standing on the plaintiff's lot, that before erecting the building the city engineer made a survey and gave the Rhoadses the boundaries of the lot, and that the house was located and other permanent improvements made in accordance with the corners fixed and the measurements furnished by the engineer, and, further, that the city and its officers had accepted and adopted the survey so made, and, also, that there had been acquiescence in the boundaries so fixed. The east fifty feet of the Rhoads lot was sold to the plaintiff and he has been in the possession of the same for more than twelve years. It is alleged that F. E. and Mary E. Hipple, who owned and occupied lots across the alley and opposite the plaintiff's lots, questioned the boundaries of his lot and had asserted that he had unduly extended his building and improvements and was occupying five or six feet of the intervening alley, thereby slandering and clouding his title, and he therefore asked that his title be quieted as against the claims of the defendants. Defendants answered and alleged that as the addition was dedicated and platted an alley twenty feet wide was es-

tablished, that the part of the lot purchased and occupied by plaintiff was fifty feet wide, that he had extended his boundaries and was occupying not only the fifty-foot lot but also about six feet of the twenty-foot alley which divided the properties of plaintiff and defendants. They alleged also that when the residence of plaintiff was built those who built it were informed and knew of the true line and the encroachment on the alley, and it was further alleged that the city had never acquiesced in the plaintiff's claim to the part of the alley which plaintiff is now occupying. The city was brought in as a defendant, and it obtained leave to file an answer and set up its right to have the alley preserved and declared to be twenty feet wide. A trial was had before a judge *pro tem.*, and when he announced his judgment in favor of the plaintiff a request was made to have the court make special findings of fact and law, and accordingly the judgment was suspended and the case taken under advisement in order that findings might be made. About six months later the court announced that no special findings would be made, and final judgment was then rendered holding the east line of the lot to be where plaintiff claimed it to be, thus making his fifty-foot lot more than fifty-six feet wide, and leaving the west line of defendants' lots as it was claimed by them, but narrowing the twenty-foot alley more than six feet.

Hipple complains and contends that the judgment is not sustained by the evidence. He insists that the result reached is inconsistent not only with the testimony as to monuments and lines of location but also with the plans and plat of the addition. According to the plat the alley is twenty feet wide and Rhoads' lot, one-half of which is the property of plaintiff, is one hundred feet wide. The judgment narrows the alley to about thirteen feet and widens the Rhoads lot to more than one hundred and six feet, thus making plaintiff's lot more than fifty-six feet wide. The result appears

to be inconsistent with the controlling testimony as well as out of line with the original plat and dedication of the addition. Some of the original monuments and corners established by the original survey when the addition was laid out were found and about their identity and location there can be little dispute. Using these as a base the alley was twenty feet wide throughout the addition and plaintiff's lot was only fifty feet wide. In such cases proof of monuments and of the lines marked in the original survey is controlling. The question of boundaries of a platted city which had been surveyed and laid out was considered in the case of *In re Richardson,* 74 Kan. 557, 87 Pac. 678, and it was there said:

"The primary rules for locating city plats upon the ground are, in order of precedence in application, as follows: (1) Find the lines actually run and the corners and monuments actually established by the original survey. (2) Run lines from known, established or acknowledged corners and monuments of the original survey. (3) Run lines according to courses and distances marked on the plat." (Syl.)

There seems to be little doubt that three of the monuments which were found and corners identified by defendants' testimony were the ones established when the addition was surveyed and that lines run from these are consistent with the testimony of the defendants as to the location of the lot and alley in question.

The plaintiff insists that the middle of Main street is the proper base line from which measurements should be made, and using that as a starting point the measurements carry the plaintiff's line six feet farther east and accords with measurements made by an engineer when his sidewalk and curb were built. It is also urged that it is supported by improvements made and trees planted by parties who had no interest in departing from the lines of the original survey. There is testimony, however, that Main street, used as a base line, was not established north of Seventh street when the addition

was platted, that the section line is not parallel with Main street as it exists to-day, and, what is of more consequence, that the lines established by the court enlarge lot eight and diminish the alley in each case more than six feet. Instead of pushing the entire plat six feet farther east on the ground the judgment, only extends lot eight to that extent and correspondingly diminishes the width of the adjoining alley. It operates to make a jog in the lines of the addition at this point, which is wholly inconsistent with the plat. The addition made to lot eight conflicts with the plat and the narrowing of the alley is repugnant to the plan of the addition and the original survey.

For these inconsistencies, and for the additional reason that the testimony appears to be insufficient to sustain the judgment it can not be upheld. In a case of this kind special findings as to monuments, base lines and the original survey are essential to a full consideration and determination of the boundaries.

The judgment is reversed and the cause remanded for a new trial.